CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 2 4 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 7:01CR00092-001 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TYRONE SMITH. | ) By: James C. Turk |
| | ) Senior United States District Judge |
| | ) |

By previous Notice, the court notified Defendant Tyrone Smith that he appeared to be eligible for a reduction of his sentence for his drug offense, pursuant to Amendment 706 of the United States Sentencing Guidelines ("USSG"), but that the court did not find it appropriate to grant any reduction. The government filed a response to this Notice, agreeing that no reduction was appropriate.[1] Smith filed a motion in response to the court's Notice, arguing that he should receive a reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States v. Booker, 543 U.S. 220 (2005) and its progeny. The court appointed an assistant federal public defender to represent Smith as to the appropriate application of the Amendment to his case. Counsel then filed a brief, arguing that the court had incorrectly calculated Smith's amended guideline range and that he was entitled to a sentence

---

[1] The government explains that the defendant was facing a mandatory minimum sentence of 180 months at the time of sentencing, based on convictions of 21 U.S.C. Section 841(a)(1) and 18 U.S.C. Section 924(c)(1). This sentence was reduced to 120 months (60 months on the drug offense and 60 months on the firearms offense) because the United States filed a motion pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1, based on the defendant's cooperation with law enforcement. The defendant received an additional substantial break in this case, in that the government did not file any sentencing enhancements, pursuant to 21 U.S.C. Section 851. Based on the defendant's previous felony drug convictions for Distribution of Cocaine on September 15, 1992 and Possession of Cocaine on November 2, 1999, the defendant would have been eligible for a mandatory life sentence, had the government elected to file an 851 Sentencing Information.

1

reduction below the amended range comparable to the reduction he received at sentence based on the government's substantial assistance motion. The court finds that Booker and its progeny are inapplicable to motions to reduce sentence under § 3582(c)(2)[2] and that no further reduction is appropriate in Smith's case.

Once the Sentencing Commission decreed that Amendment 706, reducing offense levels for crack cocaine offenses, would be retroactively applicable to cases final before the Amendment's November 1, 2007 effective date, the court had statutory authority under § 3582(c) to revisit the defendant's sentence in order to apply the Amendment. Pursuant to USSG § 1B1.10(b)(2), however, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ." unless the "original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. . . ."

As indicated in Footnote 1, Smith's original term of imprisonment was significantly less than the term of imprisonment provided by the original guideline range. Smith's original guideline range

---

[2] See United States v. Hudson, 242 F. App'x 16 (4th Cir. 2007) (it is not clear error or abuse of discretion to refuse to apply Booker to a sentence reduction under § 3582(c)(2)); United States v. Rolle, 163 F. App'x 245 (4th Cir. 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [Booker]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (defendant's contention that a § 3582(c) reduction was warranted under Booker was "roundly rejected."); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) ("Booker does not provide a basis for a sentence reduction under § 3582(c)."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."); United States v. Sanchez, 140 F. App'x 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 899 (5th Cir. 2005) ("Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); but see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (court found that limiting a § 3582(c)(2) sentencing reduction to the amount prescribed by the Sentencing Commission impermissibly applies the guidelines as mandatory in violation of Booker).

2

for his drug offense was 97-121, based on an adjusted offense level of 29 and criminal history category II. However, the statutory mandatory minimum of 120 months under 21 U.S.C. § 841(b)(1)(B) applied to Smith's offense. Because USSG § 5G1.1(c)[3] prohibits the judge from giving a sentence below the statutory mandatory minimum, unless an exception applies, the court initially could consider only part of Smith's guideline range: 120-121 months. Once the court granted the government's motion for reduction based on Smith's cooperation with law enforcement, under 18 U.S.C. § 3553(e) and USSG § 5K1.1, the court could sentence Smith below the statutory mandatory minimum and the guideline range. Accordingly, the court sentenced Smith to 60 months on the drug count.

Amendment 706 reduced Smith's offense level to 27, making his guideline range 78-97 months. Counsel argues that the government's substantial assistance motion on Smith's behalf "dispensed with the mandatory minimum in his case" and Smith should receive a reduced sentence of 50 months, as such a reduction would be comparably less than his amended guideline range. Smith argues that because the guidelines after <u>Booker</u> are advisory, the limitations in § 1B1.10 are

---

[3]Section 5G1.1 reads as follows:
(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

(b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

(c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence--
    (1) is not greater than the statutorily authorized maximum sentence, and
    (2) is not less than any statutorily required minimum sentence.

3

not binding, and the court has the discretion to grant an additional reduction. The court finds no merit to these arguments.

First, <u>Booker</u> does not apply in this sentence reduction proceeding. The requirements set out in § 1B1.10 are made binding on the court by two statutes, 28 U.S.C. § 994(u) and § 3582(c). Section 994(u) states that the Sentencing Commission "shall specify in what circumstances and by what amounts the sentence of prisoners serving terms of imprisonment for the offenses may be reduced." Section 3582(c) provides that, with limited exception, a district court may not modify a term of imprisonment once it has been imposed. The exception in § 3582(c)(2) provides that the court may reduce a term of imprisonment when an amendment reduces a defendant's guideline range, but only "*if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.*" (Emphasis added). <u>Booker</u> did not affect the validity of § 994 or § 3582 or relieve the court of its duty to abide by these statutes.

Consequently, neither <u>Booker</u> nor its progeny authorizes a district court to grant a sentence reduction beyond what is permitted in § 1B1.10. "A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000) (quoting <u>United States v. Tidewell</u>, 178 F.3d 946, 949 (7th Cir. 1999)); <u>see also</u> USSG § 1B1.10(a)(3). Therefore, while the guidelines may be applied in a discretionary manner at an original sentencing pursuant to <u>Booker</u>, nothing in § 3582(c)(2) gives the court similar discretion to depart from USSG § 1B1.10 when issuing a sentence reduction under § 3582(c)(2).

Second, the government's substantial assistance motion did not "dispense with" the statutory mandatory minimum in this case. In cases like Smith's, when part of the guideline range is

4

"trumped" by the statutory mandatory minimum sentence under § 5G1.1(c), the court uses the mandatory minimum (and not the lower end of the guideline range) as a starting point from which to calculate any sentence reduction for substantial assistance. See United States v. Pillow, 191 F.3d 403, 407-08 (4th Cir. 1999) (finding that district court did not err in calculating extent of departure from mandatory minimum and not from lower end of guideline range); United States v. Cordero, 313 F.3d 161, 165 (3d Cir. 2002) (same holding and citing other circuits). Yes, Smith's guideline range was reduced by application of Amendment 706, allowing the court to revisit his sentence under § 3582(c). Amendment 706 had no effect on the statutory mandatory minimum, however, which is now Smith's guideline sentence, pursuant to § 5G1.1(b). Thus, the starting point for reconsideration of his sentence under § 3582(c) is the same as it was at sentencing—the statutory mandatory minimum of 120 months. The court has already fully considered the defendant's cooperation in setting his original sentence and under § 3553(e), is limited to considering only cooperation in moving below the statutory mandatory minimum. Starting at the same point and considering the same factor in calculating the reduction, the court can only conclude that 60 months is still the appropriate sentence for Smith's drug offense.[4]

For the stated reasons, the court does not find it appropriate to grant any sentence reduction as argued by Smith and his counsel. An order addressing defendant's eligibility for a reduction under § 3582(c)(2) will be entered this day.

---

[4]To the extent that denial of Smith's request for a sentence reduction under Amendment 706 seems inequitable when inmates who did not cooperate with law enforcement have received reductions, the fault lies in the fact that Amendment 706 did not change the statutory mandatory minimum from which this result is dictated. Only Congress, not the sentencing commission or the court, can change the statutory mandatory minimum.

5

The Clerk is directed to send a copy of this opinion and the accompanying order to the defendant at his current place of confinement, to counsel of record for the parties, and to the United States Marshals Service.

ENTER: This 24th day of June, 2008.

Senior United States District Judge